# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RALPH GUY HESS,

        Plaintiff,

        v.

MEGAN R. WEBB,

        Defendant.

Case No. 3:20-cv-00221-JMK

## ORDER OF DISMISSAL

Self-represented litigant Ralph Guy Hess filed a Complaint under the Civil Rights Act, 42 U.S.C. § 1983, on September 8, 2020.[1] Additionally, Mr. Hess filed an Application to Waive Prepayment of the Filing Fee.[2]

In his complaint, Mr. Hess names Megan R. Webb as the sole defendant. Ms. Webb is an Assistant Public Defender with the Public Defender Agency for the State of Alaska. The Public Defender Agency represented Mr. Hess on a state court post-conviction relief action in criminal case, 2KB-06-00670CR, and a subsequent appeal, A-12705.[3] The Court takes judicial notice that Mr. Hess was charged with three counts of first-degree sexual assault and two counts of burglary

---

[1] Docket 1.

[2] Docket 2.

[3] Docket 1-1 at 1–14.

in 2KB-06-00670CR.[4] Mr. Hess pleaded guilty to a single count of first-degree burglary.[5] He filed an application under AS 12.73.020, requesting the DNA evidence of his case be tested, and he was appointed counsel through the Public Defender Agency.[6]

The complaint alleges that Ms. Webb "fail[ed] to address medical issue on operation on testicles."[7] Mr. Hess alleges that "I had asked from the beginning of my trial for my attorneys to address my medical issues for me, telling them I could not commit a crime like this," describes the details of his arrest, and alleges that after a nurse and doctor were removed from his jury panel "I had no choice but to take the states deal."[8] After review of Mr. Hess's Complaint and 305 pages of exhibits, the Court recognizes the core of Mr. Hess's allegation is that his post-conviction counsel—Ms. Webb—did not raise the medical issue he believes should have been raised at multiple phases of litigation.

---

[4] Docket 1-1 at 10 (*Hess v. State of Alaska*, Alaska Court of Appeals No. A-12705, Memorandum Opinion). Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[5] Docket 1-1 at 10.

[6] *Id.*

[7] Docket 1 at 3.

[8] Docket 1 at 3–4.

Case No. 3:20-cv-00221-JMK, *Hess v. Webb*
Order of Dismissal
Page 2 of 6
Case 3:20-cv-00221-JMK   Document 3   Filed 11/06/20   Page 2 of 6

For relief, Mr. Hess requests (1) $26,000.00 in damages; (2) $24,000,000.00 in punitive damages; (3) an order to "address my medical issues"; and (4) a declaration to "please use my real birthdate on all my documents.[9] Mr. Hess demands a jury trial.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

- (i) is frivolous or malicious;
- (ii) fails to state a claim on which relief may be granted; or
- (iii) seeks monetary relief against a defendant who is immune from such relief.[10]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[11] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and

---

[9] Docket 1 at 6–7.

[10] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 3:20-cv-00221-JMK, *Hess v. Webb*
Order of Dismissal
Page 3 of 6
Case 3:20-cv-00221-JMK   Document 3   Filed 11/06/20   Page 3 of 6

give the plaintiff the benefit of the doubt.[12] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[13] In this case, for the reasons discussed below, amendment would be futile.

## DISCUSSION

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[14] For relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff[s] of rights secured by the Constitution or federal statutes."[15] To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[16] Mr. Hess cannot plead this required element; therefore his complaint must be dismissed.

---

[12] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[13] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[15] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[16] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Case No. 3:20-cv-00221-JMK, *Hess v. Webb*
Order of Dismissal
Page 4 of 6
Case 3:20-cv-00221-JMK   Document 3   Filed 11/06/20   Page 4 of 6

A lawyer appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, . . . not a state actor."[17] Such a lawyer, whether from the Public Defender's Agency or the Office of Public Advocacy is "no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."[18] It does not matter that a state criminal defense lawyer is paid from public funds. "Except for the source of payment, . . . the duties and obligations are the same whether [the client was] privately retained, appointed, or serving in a legal aid or defender program."[19] This means that because a criminal defense lawyer's duty and loyalty are to his client, not the state, a court-appointed attorney is not a state actor for purposes of Section 1983.

The complaint names Megan R. Webb, an attorney with the Public Defender Agency, as the sole defendant. The complaint seeks damages from her due to her alleged actions while representing Mr. Hess as Assistant Public Defender for the Public Defender Agency. However, Ms. Webb, as court-appointed counsel to the indigent, is not a state actor as a matter of law.

---

[17] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir.), *cert. denied*, 540 U.S. 814 (2003).

[18] *Id.*, citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "traditional lawyer's functions" in the lawyer's traditional adversarial role).

[19] *Polk County*, 454 U.S. at 318.

Case No. 3:20-cv-00221-JMK, *Hess v. Webb*
Order of Dismissal
Page 5 of 6
Case 3:20-cv-00221-JMK   Document 3   Filed 11/06/20   Page 5 of 6

42 U.S.C. § 1983 requires a defendant to be a state actor. Mr. Hess has not named a state actor; therefore, he has failed to meet an essential element of 42 U.S.C. § 1983. No other defendants could be substituted under the alleged facts; therefore, amendment is futile and the § 1983 complaint must be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

2. The Application to Waive Prepayment of the Filing Fee, at Docket 2, is **DENIED AS MOOT**.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

DATED this 6th day of November, 2020 at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00221-JMK, *Hess v. Webb*
Order of Dismissal
Page 6 of 6
Case 3:20-cv-00221-JMK   Document 3   Filed 11/06/20   Page 6 of 6